UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

| | |
|---|---|
| REBECCA THIBEAUX | CIVIL ACTION 04-1609 |
| VERSUS | U.S. DISTRICT JUDGE DEE D. DRELL |
| ANTHONY J. PRINCIPI | U.S. MAGISTRATE JUDGE JAMES D. KIRK |

REPORT AND RECOMMENDATION

Before the court is plaintiff's motion for attorney fees [**Doc. #85**] under 42 U.S.C. §2000e-2(m), referred to me by the district judge for Report and Recommendation. Plaintiff seeks payment as "prevailing party" of attorney fees in the amount of $160,547.92 and costs and expenses in the amount of $6,052.41. See **doc. #84.** Plaintiff filed this race discrimination lawsuit on July 29, 2004 alleging she was denied a promotion to a job "Nurse II" at the VA hospital. Plaintiff also sues for retaliation. At trial, the judge determined that discrimination was a motivating factor in the decision not to promote her, but that the decision would have been the same despite the illegal motive. Therefore, this is a "mixed motive" case. Neither damages nor injunctive relief were awarded. The retaliation claims were dismissed.

## Analysis

Title VII, 42 U.S.C. §2000e-5(g)(2)(B) provides:

"On a claim in which an individual proves a violation under Section 2000e-2(m) and a

1

respondent demonstrates that the respondent would have taken the same action in the absence of the impermissible motivating factor, the court-

(I) may grant declaratory relief, injunctive relief (except as provided in clause (ii)), and attorneys' fees and costs demonstrated to be directly attributable only to the pursuit of a claim under Section 2000e-2(m);"

In Garcia[1], the Fifth Circuit approved applying the Fourth Circuit's Sheppard[2] factors to a case such as this in order to determine whether attorney fees should be awarded, but recognized that, in all but exceptional circumstances, attorney fees should be awarded and that plaintiff's role in helping end unlawful discrimination should be weighed heavily. Garcia, at p. 679. Judge Stewart, in Garcia, listed the Sheppard factors as: (1) the reasons why injunctive relief was not granted, (2) the public purposes served by resolving the dispute, and (3) whether the mixed-motive case demonstrated a "widespread or intolerable" animus on the part of a defendant, or were the employer's actions justified by the plaintiff's behavior.

With regard to the first factor, all of plaintiff's claims were dismissed except the mixed motive claim. An injunction would have been inappropriate. Therefore, there was no continuing harm. As to the second factor, plaintiff's suit did serve a public purpose since the judge did find that a motivating factor was illegal discrimination. This factor should be "weighed heavily". Garcia, p. 679. The third factor is not met by plaintiff as there was no showing that there was a widespread or intolerable animus on the part of the defendant. There is only slight evidence of "misbehavior" in the form of improper documentation and use of leave. Therefore, some attorney

---

[1] Garcia v. City of Houston, 201 F.3d 672 (5th Cir. 2000

[2] Sheppard v. Riverview Nursing Center, 88 F. 3d 1332 (4th Cir 1996)

2

fees are appropriate. However, defendant contests the amount of the fees sought.

Defendant argues that the hourly rate plaintiff seeks, $300 per hour, is too high and suggests that, due to plaintiff's limited success in the case, the entire amount sought should not be awarded. Defendant also suggests that the time listed in plaintiff's attorney's billing records for intra-office conferences should not be included in the allowable time and that some of the time is duplicative, with two attorneys and paralegals all working on the case.

The Fifth Circuit uses the "lodestar method to calculate reasonable attorney fees. Green v. Administrators of the Tulane Educ. Fund., 284 F.3d 642, 661 (5th C. 2002). A fee determination involves:

a) determining whether plaintiff is the prevailing party,

b) determining the lodestar (hours times rate), and

c) determining whether to adjust the lodestar.

Hensley v. Eckerhart, 103 S. Ct. 1933, 1940 (1983).

The 136 page bill was not itemized according to attorney and paralegal time and separate total billings were not provided. Therefore, the court ordered plaintiff to provide the breakdown. The court also invited plaintiff to provide a reconstructed time total for those records that were destroyed in the fire. Plaintiff has now complied with the order and has responded to the invitation with reconstructed hours.

Prevailing Party

The plaintiff may be considered a prevailing party if she "succeeds on any significant issue in the litigation which achieves some of the benefit the parties sought in bringing suit." Hensley, at 1939. Defendant admits that, for purposes of this motion, plaintiff is a prevailing

3

party, based on the judge's ruling.

The lodestar amount

This court described the lodestar calculation in Butler v. Rapides Foundation, 365 F.Supp.2d 787 (W.D. La. 2005). A "lodestar" figure is simply the number of hours reasonably spent on the litigation times a reasonable hourly billing rate. Watkins v. Fordice, 7 F.3d 453, 457 (5th Cir.1993). The court then determines whether the "lodestar" figure should be adjusted upward or downward depending on the twelve Johnson[3] factors. Migis v. Pearle Vision, Inc., 135 F.3d 1041 at 1047 (5th Cir. 1998).

A. Hourly rate

Plaintiff's attorney asks for an hourly rate of $300 per hour for his time spent on the case, $120 per hour for his associate attorney's time, and $75 per hour for an attorney-paralegal, and $35 for a student law clerk. Her attorney attaches the affidavit of a Shreveport lawyer who attests that his normal hourly rate for litigation is $300 per hour. Defendant suggests a reasonable rate would be $95 per hour because that's what this court awarded in a recent civil rights case. Defendant also suggests that the court should look to what an Alexandria lawyer would charge, not what a Shreveport lawyer charges.

In the $95 per hour case, $95 was all that the attorney charged his client and, thus, all he sought as reimbursement in the case. Had the attorney sought significantly more, it is likely it would have been awarded. It is probable, as plaintiff's attorney surmises, that the attorney, who is well known to this court in the defense of civil rights cases and who represents many public

---

[3] Johnson v. Georgia Highway Express, Inc., 488 F.2d 714 (5th C. 1974).

4

entities in such matters, has a special agreement with his clients, considering the volume of work he handles for them. That rate is not evidence of what is reasonable in an individual case.

Further, the court looks to what attorneys generally charge in the district, not in the division or town in order to determine a reasonable rate.

This court awarded a fee of $215 an hour in a similar employment discrimination case five years ago. Considering even modest inflation, a fee of $250 in this district is reasonable.

Therefore, the court finds that a reasonable hourly rate in this case, given plaintiff's attorney's specialized education, expertise and abilities, is $250 per hour for plaintiff's attorney, $120 for the associate, $75 for the attorney-paralegal and $35 for the student law clerk.

B. Reasonableness of hours

Defendant argues that plaintiff's attorney should have delegated work to office staff. A review of plaintiff's attorney's time records shows that in fact he did delegate some work to subordinates including an attorney who billed at a lower rate and two paralegals/law clerks. However, the court agrees that there appear to be an inordinate number of intra-office conferences and memos billed. In addition, there are significant "review [of file]" charges contained on the bills. While the court does not doubt that the conferences and reviews actually occurred and that the time records are accurate, I do not find it proper to bill the client or the opposing side for such conferences, at least not in the number involved here. And I find the reviews to be excessive.

Defendant does not itemize or provide a total of the number of hours for the conferences of which it complains. Mr. Scheuermann's time, according to his time records on the revised bill

comprised of 251 pages, totals 493.51 hours. The bill contains about 2000 individual entries. Of those entries, approximately 1872 of them were for periods of time spent on the case of only 5 minutes each. It is questionable how much value individual 5 minute time periods add to the litigation. Those 5 minute time periods were, primarily, for "review" but were also for intra-office conferences and telephone calls[4].

Of the approximately 136 time entries that were for more than 5 minutes at a time, which total about 222 hours, approximately 171 of those hours were, again, for "review".

It is apparent, therefore, that the vast majority of time billed in this case was for review and for intra-office conferences.[5] It is appropriate to halve the time spent for those items and, therefore, I estimate, based on a page by page review of the revised bill for Mr. Scheuermann, a total of 160.62 hours should be deducted from the bill.[6]

In addition, there is an apparent error on page 188 of the revised bill. There appears an entry for 115 hours on December 4, 2007 in the total amount of $34, 500. I assume that there occurred a mistake inputting the data and the proper entry should, perhaps, be 11.5 hours. The 11.5 hours have been included in the calculations above. Therefore, 115 hours should be deducted from the total.

---

[4] The entry on the bills is "t/c" which the court assumes means telephone conference.

[5] As a comparison, in my experience, corporate clients generally do not permit an attorney to bill for intra-office conferences and severely limit time spent for "review", no doubt due to the inherent impossibility of verifying such time.

[6] The calculation is as follows: The "5 minute time" for review, office conferences, and telephone conferences appears to total approximately 150 hours. One-half of that is 75 hours. The non-5 minute time totals about 222 hours, of which 171.25 is for "review". One half of 171.25 is 85.62. The sum of 75 and 85.62 is 160.62.

Time for which records were lost by Mr. Scheuermann on account of the fire at his office has been reconstructed by him and is 10.3 hours. However, I find that 57% of one hour of that time was for office conferences. Therefore, the total reconstructed time should be 9.73 hours (10.3 minus .57).

The associate attorney billed 1.33 hours and no adjustments are appropriate.

The attorney-paralegal billed 100.05 hours but 2.5 hours were for intra-office conferences. Therefore, the total should be 97.55 hours.

The law clerk billed 78.83 hours and no adjustments are indicated.

Based on these adjusted hours, and multiplying them by the respective hourly rates approved above, the total of attorney fees is $67,139.90 :

| | | |
|---|---|---|
| A | 9.73 hours times $250 per hour = | $ 2432.50 |
| B | 217.89[7] hours times $250 per hour = | $54,472.50 |
| C | 97.55 hours times $75 per hour = | $ 7,316.25 |
| D | 78.83 hours times $35 per hour = | $ 2,759.05 |
| E | 1.33 hours times $120 per hour = | $ 159.60 |

C. Adjustment of the lodestar

The twelve Johnson factors courts consider in determining whether the "lodestar" figure should be adjusted upward or downward are: (1) the time and labor required for the litigation; (2) the novelty and difficulty of the questions presented; (3) the skill required to perform the legal

---

[7] The revised bill totals 493.51 hours for Mr. Scheuermann. Subtracted from that total is 160.62 hours and 115 hours, all as explained above, for a total remaining reasonable time of 217.89 hours.

services properly; (4) the preclusion of other employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the result obtained; (9) the experience, reputation and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases. Johnson, 488 F.2d at 717-19. The Fifth Circuit has singled out four of the factors as most important: (1) the time and labor involved; (2) the customary fee; (3) the amount involved and the results obtained; and (4) the experience, reputation, and ability of counsel. See Migis, 135 F.3d at 1047. The Supreme Court has held that "the most critical factor" for a fee award in a civil rights case "is the degree of success obtained." Id. (citing Farrar v. Hobby, 506 U.S. 103, 114, 113 S.Ct. 566, 121 L.Ed.2d 494 (1992) and Hensley v. Eckerhart, 461 U.S. 424, 436, 103 S.Ct. 1933, 76 L.Ed.2d 40 (1983)). In addition, enhancements based on the second, third, eighth and ninth factors are only appropriate in rare cases supported by specific evidence in the record and detailed findings by the court. Walker v. U. S., 99 F.3d 761, 771-2 (5th C. 1996).

i. Adjustment of fee because of limited success

The district judge specifically ordered plaintiff to separate the time applicable to the successful claim from that applicable to the dismissed claim of retaliation. Plaintiff's attorney has now advised the court of the impossibility of that task in this case. Plaintiff suggests that, because defendant asserted the same defenses to both claims, plaintiff was required to present the same proof on both claims and, therefore, the work was the same. Although some evidence regarding the different alleged instances of retaliation was required, I find that most of the work in the case would have been required on the successful mixed motive claim and is therefore recoverable.

8

See <u>U S ex rel. Varco v. Reid & Gary</u>, 161 F.3d 915 (5th C. 1998).

Therefore, I find that 75% of the reasonable time should be awarded, or a total of $50,354.93.

ii. <u>Other Johnson factors</u>

The factors which the Fifth Circuit finds most important--time and labor involved, customary fees, and results obtained-- have all been subsumed in the discussion above. As to the experience, reputation and ability of Mr. Scheuermann, Scheuermann suggests that he is a seasoned litigator with 35 years of legal experience. Importantly, Mr. Scheuermann has an LL.M. in Labor Law and has practiced in the field of labor law for 28 years. Nevertheless, these impressive qualifications have already been taken into consideration in setting the reasonable hourly rate for purposes of the lodestar calculation, above, and the total attorneys fee need not be adjusted further on account of these four factors. The remaining <u>Johnson</u> factors have not been shown to be applicable in this case. Adjustment on account of those factors, therefore, is also unwarranted.

<u>Costs</u>

Finally, plaintiff seeks costs in the amount of $6,052.41. The costs include court reporter fees, process server fees, witness fees, electronic legal research fees, copying costs, postage and travel expenses. The government objects, arguing that only those costs set forth in FRCP 54(d) are allowed.

The list of costs which are allowed is set forth in 28 USC 1920. Only costs allowed by law are permitted to be assessed against the United States. However, as plaintiff points out in brief, the list set forth in 28 USC 1920 is not exclusive. See <u>Mota v. Univ. of Tex. Houston</u>

9

Health Sci. Ctr., 261 F.3d 512, 529 (5th Cir. 2001). I find that the submitted costs should be allowed.

## Conclusion

Therefore, mindful that an award must be proportional to success in a mixed-motive case, applying the Sheppard factors approved in Garcia, and considering the lodestar calculation and adjustment, under the Johnson and Migis analysis,

IT IS RECOMMENDED THAT plaintiff be awarded attorney fees in the amount of $50,354.93 , together with costs and expenses in the amount of $6052.41.

## **OBJECTIONS**

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed.R.Civ.P. 72(b), the parties have ten (10) business days from service of this Report and Recommendation to file specific, written objections with the clerk of court. A party may respond to another party's objections within ten (10) days after being served with a copy thereof. A courtesy copy of any objection or response or request for extension of time shall be furnished to the district judge at the time of filing. Timely objections will be considered by the district judge before he makes his final ruling.

**FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS, AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN TEN (10) BUSINESS DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT UPON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE UNOBJECTED-TO PROPOSED**

**FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.**

THUS DONE AND SIGNED in chambers, in Alexandria, Louisiana, on this the 5th day of December, 2008.

JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE